# LAW OFFICES OF
# *TIMOTHY G. HISKEY*

Attorney-At-Law



New Jersey Bar - 1998
Virginia Bar - 1996

12 North Main Street
P.O. Box 157
Allentown, New Jersey
08501
(609) 259-7944
FAX (609) 259-0872
Tgh229@yahoo.com

July 5, 2013

*VIA E-FILING*
Hon. Raymond T. Lyons, Jr., U.S.B.J.
U.S. Bankruptcy Court
402 East State Street
Trenton NJ 08608

Re:   In re: Eagle River Day Camp, LLC et al.; Case # 10-23985 (RTL)

Dear Judge Lyons:

As to the above-referenced matter, this office represents Mr. Michael Shabsels, Mr. David Shabsels and their company, Monroe Camp Landco, LLC (collectively the "Shabsels"). In lieu of a more formal brief, please accept this letter brief in support of their Motion to Intervene in a matter raised by the Debtors involving the Shabsels and The Dime Bank, which is the primary secured creditor in their chapter 11 bankruptcy case.

## INTRODUCTION

The Debtors in this matter filed a motion to reopen their cases in order to commence an adversary proceeding against The Dime Bank (the "Bank") and to have the Shabsels joined in the adversary proceeding so that issues between the Bank and the Shabsels and the Debtors can be resolved. The ultimate goal of the Debtors is to proceed with completion of their Plan of Reorganization and the ultimate goal of the Shabsels (and presumably the Bank) is to close on the estate property known as Eagle River Day Camp, i.e. the land, buildings and other facilities (collectively "Eagle River Assets"). The Debtors and the Shabsels believe the best, most efficient forum is this Court.

## FACTS

The relevant facts are set forth in the Debtors' certifications and brief in support of their motion to reopen the case as well as the Certification of Michael Shabsels accompanying this brief. Essentially, the Bank took over the Eagle River Assets and allowed the Debtors to operate the camp through the summer of 2012 at which point the Debtors vacated the site. The Bank allowed the property to remain vacant from that point forward.

*Hon. Raymond T. Lyons, Jr., U.S.B.J.*
*July 5, 2013*
*Page 2*

The Shabsels had entered into an option agreement to purchase the Eagle River Assets and duly exercised the option in December 2012. Upon inspecting the property in March 2013, the Shabsels found that the facilities were in substantial disrepair. The company that inspected the site issued a report which found the facilities to require repairs or replacement that would amount to a cost of $555,795. The Shabsels and the Bank have been attempting to resolve these "repair issues" ever since the inspection report was circulated. The negotiations have stalled and the Shabsels seek to have this Court resolve the issues. (*See Certification of Michael Shabsels*).

For the reasons set forth at length in the papers filed by the Debtors and reviewed by this office, the Court should reopen the Debtors' case to hear the matters. As set forth in the Debtors' papers, the issues are intertwined with and wholly affect the administration of the Debtors' bankruptcy.

## ANALYSIS

This motion to intervene is filed under Rule 7024 which refers to F.R.Civ.P. 24. Rule 24 provides in applicable part as follows:

> (a) Intervention of Right.  On timely motion, the court must allow anyone to intervene who:
> (1)     *     *     *
> (2)     *     *     *
>
> (b) Permissive Intervention.
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A)     *     *     *
> (B)     has a claim or defense that shares with the main action a common question of law or fact.
> *     *     *

F.R.Civ.P. 24.

The Court should permit the Shabsels to intervene under the doctrine of permissive intervention. Clearly the Shabsels share with the Debtors common questions of fact as to their respective claims against the Bank. The Eagle River Assets constitute the primary assets of the bankruptcy estate and the Debtors were operating the camp as debtors in possession through August 2012. It is the Shabsels' position that they have a right to purchase the Eagle River Assets in the same working condition that existed at the time the Shabsels entered into the Option Agreement with the Bank in December 2011. The Debtors were in possession of and operating the Camp before and after the execution of this option contract between the Bank and

*Hon. Raymond T. Lyons, Jr., U.S.B.J.*
*July 5, 2013*
*Page 3*

Shabsels. The Shabsels are not in the position of knowing at this point when the Eagle River Assets fell into gross disrepair although it is believed such occurred following August 2012. For example, it is known that acts of vandalism occurred in October 2012 as a result of the Bank's failure to secure the site.

It is the Debtors' position that the Bank will not allow them to complete the terms of their Settlement Agreement and Plan of Reorganization without the Bank first resolving the repair issues with the Shabsels and the Debtors. Accordingly, there should be no question that the claims of the Shabsels and those of the Debtors share common facts. We ask that this Court resolve all issues relating to the sale of this property of the bankruptcy estate.

## CONCLUSION

Based on the foregoing, the Court should allow the Shabsels to intervene in this matter. As to issues of reopening the case and jurisdiction, those are addressed in the Debtors' motion papers and need not be repeated here.

Respectfully Submitted,

LAW OFFICES OF TIMOTHY G. HISKEY, LLC

*/s/ Timothy G. Hiskey*
Timothy G. Hiskey

TGH/ms

cc:   Frank P. Armenante, Esq.
      Jonathan J. Lerner, Esq.